NOSSAMAN LLP
STEPHEN P. WIMAN, State Bar No. 54825
swiman@nossaman.com
THOMAS J. DOVER, State Bar No. 175363
tdover@nossaman.com
ERIC BRIN, State Bar No.  281872
ebrin@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone:  213.612.7800
Facsimile:  213.612.7801

Attorneys for Defendants
TARGETTI SANKEY, S.p.A;
TARGETTI POULSEN USA, INC.;
DURALAMP, S.p.A; HANGZHOU
TARGETTI LIGHTING CO., LTD;
MARIE BIRMINGHAM and GREGORY
S. SMITH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TIVOLI,LLC, a California Limited Liability Company; NEO-NEON LED USA HOLDINGS, LTD., a British Virgin Islands Limited Company; and AMERICAN LIGHTING, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>TARGETTI SANKEY, S.p.A., an Italian business entity; TARGETTI POULSEN USA, INC., a Florida corporation; DURALAMP, S.p.A., an Italian business entity; HANGZHOU TARGETTI LIGHTING CO., LTD, a Chinese business entity; MARIE BIRMINGHAM a/k/a MARIE PARIS, an individual; GREGORY S. SMITH, an individual; and DOES 1 through 20,<br><br>                    Defendants. | Case No: 8:14-CV-01285-DOC-JCG<br><br>(Hon. David O. Carter, Courtroom 9-D)<br><br>**ANSWER TO COMPLAINT OF DEFENDANTS DURALAMP, S.p.A, MARIE BIRMINGHAM AND GREGORY S. SMITH**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Date Filed:**     **Aug. 12, 2014**<br>**Trial Date:**      **None**<br>**Disc. C/O:**       **None**<br>**Motion C/O**     **None** |

461207.V1

1    Defendants DURALAMP, S.p.A, MARIE BIRMINGHAM and
2    GREGORY S. SMITH (individually and collectively "DEFENDANTS")
3    answer the complaint herein as follows:

4                    **ALLEGED PARTIES**

5         1.    In answer to the allegations of paragraph 1 of the
6    Complaint, DEFENDANTS admit that prior to May 15, 2014, plaintiff
7    TIVOLI LLC was a California limited liability company with its principal
8    place of business at 15602 Mosher Avenue, Tustin, California;
9    DEFENDANTS otherwise lack information and belief to enable them to
10   answer said allegations, and, based upon said lack of information and
11   belief, deny each and every allegation of said paragraph.

12        2.    DEFENDANTS lack information and belief sufficient to
13   enable them to answer the allegations of paragraph 2 of the Complaint,
14   and, based upon such lack of information and belief, deny each and every
15   allegation of said paragraph.

16        3.    DEFENDANTS lack information and  belief sufficient to
17   enable them to answer the allegations of paragraph 3 of the Complaint,
18   and, based upon such lack of information and belief, deny each and every
19   allegation of said paragraph.

20        4.    DEFENDANTS admit the allegations of paragraph 4 of
21   the Complaint.

22        5.    In answer to the allegations of paragraph 5 of the
23   Complaint, DEFENDANTS admit that defendant TARGETTI POULSEN
24   USA, INC. is a corporation duly organized and existing under the laws of
25   the State of Florida; save and excepting said admission, DEFENDANTS
26   otherwise deny each and every allegation contained in said paragraph.

27        6.    In answer to the allegations of paragraph 6 of the
28   Complaint, DEFENDANTS admit that defendant DURALAMP, S.p.A is an

1  Italian business entity with a principal place of business located at Via di
2  Limite 148, 50013 Campi Bisenzio, Florence, Italy; save and excepting
3  said admission, DEFENDANTS otherwise deny each and every allegation
4  contained in said paragraph.

5        7.    In answer to the allegations of paragraph 7 of the
6  Complaint, DEFENDANTS admit that defendant HANGZHOU TARGETTI
7  LIGHTING CO., LTD is a Chinese business entity with its principal place of
8  business located at No. 46, Gouyun Road, Liangzhu Town, Yuhang
9  District, Hangzou, Zhejiang, China; save and excepting said admission,
10 DEFENDANTS otherwise deny each and every allegation contained in
11 said paragraph.

12       8.    In answer to the allegations of paragraph 8 of the
13 Complaint, DEFENDANTS admit that defendant MARIE BIRMINGHAM is
14 an individual and resident of California and of this judicial district and that
15 MARIE BIRMINGHAM was a chief executive officer of plaintiff TIVOLI,
16 LLC; save and excepting said admission, DEFENDANTS otherwise deny
17 each and every allegation contained in said paragraph.

18       9.    In answer to the allegations of paragraph 9 of the
19 Complaint, DEFENDANTS admit that defendant GREGORY S. SMITH is
20 an individual and resident of California and of this judicial district and that
21 GREGORY S. SMITH was a Director of Sales and Product Development
22 for plaintiff TIVOLI, LLC; save and excepting said admission,
23 DEFENDANTS otherwise deny each and every allegation contained in
24 said paragraph.

25       10.   DEFENDANTS lack information or belief sufficient to
26 enable them to answer the allegations of paragraph 10 of the Complaint,
27 and, based upon such lack of information and belief, deny each and every
28 allegation of said paragraph.

11.   DEFENDANTS lack information and  belief sufficient to enable them to answer the allegations of paragraph 11 of the Complaint, and, based upon such lack of information and belief, deny each and every allegation of said paragraph.

12.   In   answer   to   paragraph   12   of   the   Complaint, DEFENDANTS admit that the Complaint speaks for itself.   Save and excepting said admission, DEFENDANTS deny each and every allegation of said paragraph.

## ALLEGED JURISDICTION AND VENUE

13.   In answer to the allegations of paragraph 13 of the Complaint, DEFENDANTS admit that plaintiffs TIVOLI,LLC, NEO-NEON LED   USA   HOLDINGS,   LTD.,   and   AMERICAN   LIGHTING,   INC. (hereinafter "PLAINTIFFS") allege that this action purportedly arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Save and excepting said admission, DEFENDANTS deny each and every allegation of said paragraph.

14.   In answer to the allegations of paragraph 14 of the Complaint, DEFENDANTS admit that PLAINTIFFS allege that venue is purportedly proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because (a) a substantial part of the supposed events or omissions giving rise to their claims allegedly occurred in this District; (b) DEFENDANTS purportedly conduct business in this District; (c) the purported unlawful acts asserted in the Complaint alleged were committed or purportedly have had or will have an effect in this District; (d) purported written agreements/contracts were allegedly entered into in this District; (e) the alleged written agreements/contracts purportedly conferred jurisdiction in this District; and (f) plaintiff TIVOLI, LLC is a resident of this District.  Save

1   and excepting said admission, DEFENDANTS deny each and every

2   allegation of said paragraph.

3   ## ALLEGED INTRODUCTION

4   15.   In answer to the allegations of paragraph 15 of the

5   Complaint, DEFENDANTS admit that the allegations of the Complaint

6   speak for themselves.   Save and exception said admission,

7   DEFENDANTS deny each and every allegation of said paragraph.

8   ## ALLEGED FACTUAL ALLEGATIONS

9   16.   The allegations of paragraph 16 of the Complaint contain

10   argument and puffery and are otherwise vague and ambiguous.

11   DEFENDANTS admit that prior to and as of May 15, 2014, plaintiff TIVOLI,

12   LLC sold architectural, signage and auditorium linear LED based lighting

13   systems; DEFENDANTS admit that prior to and as of May 15, 2014,

14   plaintiff TIVOLI, LLC's products included flexible, adaptable energy-saving

15   LED-based linear lighting products for architectural and commercial

16   applications, both indoor and out; DEFENDANTS admit that as of May 15,

17   2014, plaintiff TIVOLI, LLC had been in the lighting business since 2004.

18   Save and excepting said admissions, DEFENDANTS otherwise lack

19   information and belief to enable them to answer the allegations of said

20   paragraph, and based upon such lack of information and belief, deny each

21   and every allegation of said paragraph.

22   17.   The allegations of paragraph 17 of the Complaint contain

23   argument and puffery and are otherwise vague and ambiguous.

24   DEFENDANTS admit that the Complaint speaks for itself.   Save and

25   excepting said admission, DEFENDANTS deny each and every allegation

26   in paragraph 17 of the Complaint.

27   18.   In answer to the allegations of paragraph 18 of the

28   Complaint, DEFENDANTS admit that prior to and as of May 15, 2014,

plaintiff TIVOLI, LLC provided to existing and potential customers specification sheets containing information regarding technical specifications, components and price of product and that such material contained text and photographs. DEFENDANTS further admit that Targetti North America, Inc. developed specification sheets containing text photographs and other content which were copied and used by plaintiff TIVOLI, LLC. Save and excepting said admissions, DEFENDANTS otherwise lack information and belief to enable them to answer the allegations of said paragraph, and based upon such lack of information and belief, deny each and every allegation of said paragraph.

19. In answer to the allegations of paragraph 19 of the Complaint, DEFENDANTS admit that in July 2014, plaintiff TIVOLI, LLC filed applications to obtain Certificates of Registration for TIVOLI TIVOTAPE HIGH OUTPUT IMAGE; TIVOLIGRAZE INDOOR WALL GRAZER SPECIFICATION SHEET and TIVOLI IGRAZE INDOROR WALL GRAZER IMAGE. Save and excepting said admission, DEFENDANTS otherwise lack information and belief sufficient to enable them to answer the allegations of paragraph 19 of the Complaint, and, based upon such lack of information and belief, deny each and every allegation of said paragraph.

20. In answer to the allegations of paragraph 20 of the Complaint, DEFENDANTS admit that the Complaint speaks for itself; DEFENDANTS further admit that as of and prior to May 15, 2014, plaintiff TIVOLI, LLC used various specification sheets related to products that it sold. DEFENDANTS further admit that Targetti North America, Inc. developed specification sheets containing text, photographs and other content which were copied and used by plaintiff TIVOLI, LLC. Save and excepting said admissions, DEFENDANTS lack information and belief

1    sufficient to enable them to answer the allegations of paragraph 20 of the

2    Complaint,  and, based upon such lack of information and belief, deny

3    each and every allegation of said paragraph.

4         21.    DEFENDANTS lack information and belief sufficient to

5    enable them to answer the allegations of paragraph 21 of the Complaint,

6    and, based upon such lack of information and belief, deny each and every

7    allegation of said paragraph.

8         22.    In answer to the allegations of paragraph 22 of the

9    Complaint, DEFENDANTS admit that PLAINTIFFS have provided

10   specification sheets to third parties.  Save and excepting said admission,

11   DEFENDANTS otherwise lack information and belief sufficient to enable

12   them to answer the allegations of paragraph 22 of the Complaint, and,

13   based upon such lack of information and belief, deny each and every

14   allegation of said paragraph.

15        23.    In answer to the allegations of paragraph 23 of the

16   Complaint, DEFENDANTS admit that as of and prior to May 15, 2014,

17   plaintiff TIVOLI, LLC used various specification sheets and images related

18   to products that it sold.  Save and excepting said admission,

19   DEFENDANTS lack information and belief sufficient to enable them to

20   answer the allegation of said paragraph, and base upon such lack of

21   information and belief, deny each and every allegation contained in said

22   paragraph.

23        24.    DEFENDANTS admit the allegations of paragraph 24 of

24   the Complaint.

25        25.    DEFENDANTS lack information and belief sufficient to

26   enable them to answer the allegations of paragraph 25 of the Complaint,

27   and, based upon such lack of information and belief, deny each and every

28   allegation contained in said paragraph.

ANSWER TO COMPLAINT

26.   In answer to the allegations of paragraph 26 of the Complaint, DEFENDANT admit that the complaint speaks for itself.  Save and excepting said admission, DEFENDANTS deny each and every allegation of said paragraph.

27.   DEFENDANTS deny each and every allegation of paragraph 27 of the Complaint.

28.   DEFENDANTS deny each and every allegation of paragraph 28 of the Complaint.

29.   DEFENDANTS lack information and belief sufficient to enable them to answer the allegations of paragraph 29 of the Complaint, and, based upon such lack of information and belief, deny each and every allegation of said paragraph.

30.   In answer to the allegations of paragraph 30 of the Complaint, DEFENDANTS admit that the Complaint speaks for itself.  Save and excepting said admission, DEFENDANTS deny each and every allegation of said paragraph.

31.   In answer to the allegations of paragraph 31 of the Complaint, DEFENDANTS admit that defendant TARGETTI SANKEY acquired Tivoli Industries, Inc. and changed the name of Tivoli Industries, Inc. to Targetti North America, Inc.  Save and excepting said admissions, DEFENDANTS deny each and every allegation of paragraph 31 of the Complaint.

32.   DEFENDANTS deny each and every allegation of paragraph 32 of the Complaint.

33.   DEFENDANTS deny each and every allegation of paragraph 33 of the Complaint.

34.   DEFENDANTS admit each and every allegation of paragraph 34 of the Complaint.

35.   DEFENDANTS admit the allegations of paragraph 35 of the Complaint.

36.   In answer to the allegations of paragraph 36 of the Complaint, DEFENDANTS admit that defendant DURALAMP is a subsidiary of defendant TARGETTI SANKEY and is a distributor of electric lighting products including incandescent, halogens, fluorescents and discharge lamps.  Save and excepting said admissions, DEFENDANTS deny each and every allegation contained in said paragraph.

37.   In answer to the allegations of paragraph 37 of the Complaint, DEFENDANTS admit that defendant HANGZHOU as a subsidiary of TARGETTI SANKEY is a manufacturer of electric lighting products.   DEFENDANTS further admit that defendant HANGZHOU exports electric lighting and LED products to TIVIOLI with many products entering the United States through the Port of Long Beach.  Save and excepting said admissions, DEFENDANTS deny each and every allegation of said paragraph.

38.   DEFENDANTS deny each and every allegation of paragraph 38 of the Complaint.

39.   DEFENDANTS deny each and every allegation of paragraph 39 of the Complaint.

40.   DEFENDANTS deny each and every allegation of paragraph 40 of the Complaint.

41.   DEFENDANTS deny each and every allegation of paragraph 41 of the Complaint and each subparagraph thereof.

42.   In answer to the allegations of paragraph 42 of the Complaint, DEFENDANTS admit that the Complaint speaks for itself. Save and exception said admission, deny each and every allegation of said paragraph.

43.   DEFENDANTS deny each and every allegation of paragraph 43 of the Complaint.

44.   DEFENDANTS deny each and every allegation of paragraph 44 of the Complaint.

45.   In answer to the allegations of paragraph 45 of the Complaint, DEFENDANTS admit that prior to May 15, 2014, plaintiff TIVOLI, LLC had certain tooling designed and manufactured in order to produce products.  Save and exception said admission, DEFENDANTS deny each and every allegation of paragraph 45 of the Complaint and each subparagraph thereof.

46.   DEFENDANTS deny each and every allegation of paragraph 46 of the Complaint.

47.   DEFENDANTS deny each and every allegation of paragraph 47 of the Complaint.

48.   DEFENDANTS deny each and every allegation of paragraph 48 of the Complaint.

49.   In answer to the allegations of paragraph 49 of the Complaint, DEFENDANTS admit that defendant MARIE BIRMINGHAM served as chief executive officer of plaintiff TIVOLI from about March 1, 2008 through May 15, 2014.  Save and excepting said admission, DEFENDANTS deny each and every allegation contained in said paragraph.

50.   In answer to the allegations of paragraph 50 of the Complaint, DEFENDANTS admit that DEFENDANT MARIE BIRMINGHAM's job responsibilities at TIVOLI included overall management of all activities within TIVOLI with supervision and decision-making with regard to sales, marketing, and engineering of TIVOLI's products.  DEFENDANTS further admit that DEFENDANT MARIE

9

1   BIRMINGHAM was responsible for and maintained relationships with

2   clients of TIVOLI including The Irvine Company, Baha Mar, and Wynn

3   Resorts Limited.  DEFENDANTS further admit that DEFENDANT MARIE

4   BIRMINGHAM managed GREGORY S. SMITH's activities including those

5   involving customer projects.   Save and excepting said admissions,

6   DEFENDANTS deny each and every allegation of said paragraph.

7          51.   In answer to the allegations of paragraph 51 of the

8   Complaint, DEFENDANTS admit that plaintiff TIVOLI, LLC and defendant

9   MARIE BIRMINGHAM entered into an agreement terminating her

10  employment with said plaintiff.   DEFENDANTS also admit that said

11  agreement speaks for itself.   Save and excepting said admissions,

12  DEFENDANTS deny each and every allegation of said paragraph.

13         52.   DEFENDANTS deny each and every allegation of

14  paragraph 52 of the Complaint.

15         53.   DEFENDANTS deny each and every allegation of

16  paragraph 53 of the Complaint.

17         54.   DEFENDANTS deny each and every allegation of

18  paragraph 54 of the Complaint.

19         55.   DEFENDANTS deny each and every allegation of

20  paragraph 55 of the Complaint.

21         56.   In answer to the allegations of paragraph 56 of the

22  Complaint, DEFENDANTS admit that over the years defendant MARIE

23  BIRMINGHAM has deleted e-mails from time to time in the regular course

24  of business and has from time to time forwarded e-mails to a personal e-

25  mail address.  DEFENDANTS further admit that in connection with leaving

26  employment with defendant TIVOLI, defendant MARIE BIRMINGHAM

27  openly, without objection and with the assistance of NIGEL COPPINS of

28  defendant TIVOLI, LLC , removed the SIM cards from her company owned

iPhone and iPad and returned said devices to NIGEL COPPINS.  Save and excepting said admissions, DEFENDANTS otherwise deny each and every allegation of said paragraph.

57.   In answer to the allegations of paragraph 57 of the Complaint, DEFENDANTS admit that defendant GREGORY S. SMITH served as Director of Sales and Product Development for plaintiff TIVOLI from approximately September 13, 2007 to May 23, 2014 and that he tendered his resignation of employment to TIVOLI on or about Wednesday, May 21, 2014.   Save and excepting said admissions, DEFENDANTS deny each and every allegation of said paragraph.

58.   DEFENDANTS admit the allegations of paragraph 58 of the Complaint.

59.   In answer to the allegations of paragraph 59 of the Complaint, DEFENDANTS admit that during his employment with plaintiff TIVOLI, LLC, defendant GREGORY S. SMITH developed Covelum 120, Platinum Cove LED, Monogram Room Number and partly developed Covelum Designer Series LED Whites.   Save and excepting said admission, DEFENDANTS deny each and every allegation of said paragraph.

60.   In answer to the allegations of paragraph 60 of the Complaint, DEFENDANTS admit that, during his employment with plaintiff TIVOLI, LLC, defendant GREGORY S. SMITH executed an employment agreement, a confidentiality and invention assignment agreement, an invention assignment agreement and a secrecy agreement (hereinafter "SMITH AGREEMENTS").   DEFENDANTS admit that the SMITH AGREEMENTS speak for themselves.   Save and excepting said admissions, DEFENDANTS deny each and every allegation of paragraph 60 of the Complaint.

1    61.   In answer to the allegations of paragraph 61 of the
2    Complaint, DEFENDANTS admit that, during his employment with plaintiff
3    TIVOLI, LLC, defendant GREGORY S. SMITH executed the SMITH
4    AGREEMENTS.   DEFENDANTS admit that the SMITH AGREEMENTS
5    speak for themselves.     Save and excepting said admissions,
6    DEFENDANTS deny each and every allegation of paragraph 61 of the
7    Complaint.

8    62.   In answer to the allegations of paragraph 62 of the
9    Complaint, DEFENDANTS admit that, during his employment with plaintiff
10   TIVOLI, LLC, defendant GREGORY S. SMITH executed the SMITH
11   AGREEMENTS.   DEFENDANTS admit that the SMITH AGREEMENTS
12   speak for themselves.     Save and excepting said admissions,
13   DEFENDANTS deny each and every allegation of paragraph 62 of the
14   Complaint.

15   63.   In answer to the allegations of paragraph 63 of the
16   Complaint, DEFENDANTS admit that, during his employment with plaintiff
17   TIVOLI, LLC, defendant GREGORY S. SMITH executed the SMITH
18   AGREEMENTS.   DEFENDANTS admit that the SMITH AGREEMENTS
19   speak for themselves.     Save and excepting said admissions,
20   DEFENDANTS deny each and every allegation of paragraph 63 of the
21   Complaint.

22   64.   In answer to the allegations of paragraph 64 of the
23   Complaint, DEFENDANTS admit that, during his employment with plaintiff
24   TIVOLI, LLC, defendant GREGORY S. SMITH executed the SMITH
25   AGREEMENTS.   DEFENDANTS admit that the SMITH AGREEMENTS
26   speak for themselves.     Save and excepting said admissions,
27   DEFENDANTS deny each and every allegation of paragraph 64 of the
28   Complaint.

65.   In answer to the allegations of paragraph 65 of the Complaint, DEFENDANTS admit that, during his employment with plaintiff TIVOLI, LLC, defendant GREGORY S. SMITH executed the SMITH AGREEMENTS.   DEFENDANTS admit that the SMITH AGREEMENTS speak for themselves.   Save and excepting said admissions, DEFENDANTS deny each and every allegation of paragraph 65 of the Complaint.

66.   DEFENDANTS deny each and every allegation of paragraph 66 of the Complaint.

67.   DEFENDANTS deny each and every allegation of paragraph 67 of the Complaint.

68.   DEFENDANTS deny each and every allegation of paragraph 68 of the Complaint.

69.   DEFENDANTS deny each and every allegation of paragraph 69 of the Complaint.

## ALLEGED FIRST CLAIM FOR RELIEF

### (Purported Copyright Infringement By Plaintiff TIVOLI, LLC Against All Defendants)

70.   In answer to paragraph 70 of the Complaint, DEFENDANTS incorporate herein by this reference each and every prior response herein to paragraphs 1 through 69, inclusive, of the Complaint.

71.   DEFENDANTS deny each and every allegation of paragraph 71 of the Complaint.

72.   DEFENDANTS deny each and every allegation of paragraph 72 of the Complaint.   DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any

1  reason whatsoever.

2       73.   DEFENDANTS deny each and every allegation of
3  paragraph 73 of the Complaint.  DEFENDANTS further deny that any of
4  them caused any of the PLAINTIFFS any injury, harm or damage.
5  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
6  to any relief of any kind whatsoever in any amount whatsoever for any
7  reason whatsoever.

8       74.   DEFENDANTS deny each and every allegation of
9  paragraph 74 of the Complaint.  DEFENDANTS further deny that any of
10  them caused any of the PLAINTIFFS any injury, harm or damage.
11  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
12  to any relief of any kind whatsoever in any amount whatsoever for any
13  reason whatsoever.

14  ## ALLEGED SECOND CLAIM FOR RELIEF

15  **(Purported Trademark Infringement By Plaintiff TIVOLI, LLC Against**
16  **All Defendants)**

17       75.   In answer to paragraph 75 of the Complaint,
18  DEFENDANTS incorporate herein by this reference each and every prior
19  response herein to paragraphs 1 through 74, inclusive, of the Complaint.

20       76.   DEFENDANTS deny each and every allegation of
21  paragraph 76 of the Complaint.

22       77.   DEFENDANTS deny each and every allegation of
23  paragraph 77 of the Complaint.  DEFENDANTS further deny that any of
24  them caused any of the PLAINTIFFS any injury, harm or damage.
25  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
26  to any relief of any kind whatsoever in any amount whatsoever for any
27  reason whatsoever.

28       78.   DEFENDANTS deny each and every allegation of

1 | paragraph 78 of the Complaint.  DEFENDANTS further deny that any of
2 | them caused any of the PLAINTIFFS any injury, harm or damage.
3 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
4 | to any relief of any kind whatsoever in any amount whatsoever for any
5 | reason whatsoever.

6 |       79.  DEFENDANTS deny each and every allegation of
7 | paragraph 79 of the Complaint.  DEFENDANTS further deny that any of
8 | them caused any of the PLAINTIFFS any injury, harm or damage.
9 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
10 | to any relief of any kind whatsoever in any amount whatsoever for any
11 | reason whatsoever.

12 | **ALLEGED THIRD CLAIM FOR RELIEF**
13 | **(Purported False Designation Of Origin By Plaintiff TIVOLI, LLC**
14 | **Against All Defendants)**

15 |       80.  In answer to paragraph 80 of the Complaint,
16 | DEFENDANTS incorporate herein by this reference each and every prior
17 | response herein to paragraphs 1 through 79, inclusive, of the Complaint.

18 |       81.  DEFENDANTS deny each and every allegation of
19 | paragraph 81 of the Complaint.

20 |       82.  DEFENDANTS deny each and every allegation of
21 | paragraph 82 of the Complaint.  DEFENDANTS further deny that any of
22 | them caused any of the PLAINTIFFS any injury, harm or damage.
23 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
24 | to any relief of any kind whatsoever in any amount whatsoever for any
25 | reason whatsoever.

26 |       83.  DEFENDANTS deny each and every allegation of
27 | paragraph 83 of the Complaint.  DEFENDANTS further deny that any of
28 | them caused any of the PLAINTIFFS any injury, harm or damage.

1  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
2  to any relief of any kind whatsoever in any amount whatsoever for any
3  reason whatsoever.

4        84.   DEFENDANTS deny each and every allegation of
5  paragraph 84 of the Complaint.  DEFENDANTS further deny that any of
6  them caused any of the PLAINTIFFS any injury, harm or damage.
7  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
8  to any relief of any kind whatsoever in any amount whatsoever for any
9  reason whatsoever.

10  **ALLEGED FOURTH CLAIM FOR RELIEF**
11  **(Purported Trademark Dilution By Plaintiff TIVOLI, LLC Against All**
12  **Defendants)**

13        85.   In answer to paragraph 85 of the Complaint,
14  DEFENDANTS incorporate herein by this reference each and every prior
15  response herein to paragraphs 1 through 84, inclusive, of the Complaint.

16        86.   DEFENDANTS deny each and every allegation of
17  paragraph 86 of the Complaint.

18        87.   DEFENDANTS deny each and every allegation of
19  paragraph 87 of the Complaint.  DEFENDANTS further deny that any of
20  them caused any of the PLAINTIFFS any injury, harm or damage.
21  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
22  to any relief of any kind whatsoever in any amount whatsoever for any
23  reason whatsoever.

24        88.   DEFENDANTS deny each and every allegation of
25  paragraph 88 of the Complaint.  DEFENDANTS further deny that any of
26  them caused any of the PLAINTIFFS any injury, harm or damage.
27  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
28  to any relief of any kind whatsoever in any amount whatsoever for any

1  reason whatsoever.

2       89.  DEFENDANTS deny each and every allegation of
3  paragraph 89 of the Complaint.  DEFENDANTS further deny that any of
4  them caused any of the PLAINTIFFS any injury, harm or damage.
5  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
6  to any relief of any kind whatsoever in any amount whatsoever for any
7  reason whatsoever.

8       90.  DEFENDANTS deny each and every allegation of
9  paragraph 90 of the Complaint.  DEFENDANTS further deny that any of
10  them caused any of the PLAINTIFFS any injury, harm or damage.
11  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
12  to any relief of any kind whatsoever in any amount whatsoever for any
13  reason whatsoever.

14            **ALLEGED FIFTH CLAIM FOR RELIEF**

15  **(Purported Trade Secret Misappropriation By Plaintiff TIVOLI, LLC**
16                **Against All Defendants)**

17       91.  In answer to paragraph 91 of the Complaint,
18  DEFENDANTS incorporate herein by this reference each and every prior
19  response herein to paragraphs 1 through 90, inclusive, of the Complaint.

20       92.  DEFENDANTS deny each and every allegation of
21  paragraph 92 of the Complaint.

22       93.  DEFENDANTS lack information and belief sufficient to
23  enable them to answer the allegations of paragraph 93 of the Complaint,
24  and, based upon such lack of information and belief, deny each and every
25  allegation of said paragraph.

26       94.  DEFENDANTS deny each and every allegation of
27  paragraph 94 of the Complaint.

28       95.  DEFENDANTS deny each and every allegation of

1  paragraph 95 of the Complaint.

2      96.   DEFENDANTS deny each and every allegation of
3  paragraph 96 of the Complaint.

4      97.   DEFENDANTS deny each and every allegation of
5  paragraph 97 of the Complaint.

6      98.   DEFENDANTS deny each and every allegation of
7  paragraph 98 of the Complaint.

8      99.   DEFENDANTS deny each and every allegation of
9  paragraph 99 of the Complaint.  DEFENDANTS further deny that any of
10  them caused any of the PLAINTIFFS any injury, harm or damage.
11  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
12  to any relief of any kind whatsoever in any amount whatsoever for any
13  reason whatsoever.

14      100. DEFENDANTS deny each and every allegation of
15  paragraph 100 of the Complaint.  DEFENDANTS further deny that any of
16  them caused any of the PLAINTIFFS any injury, harm or damage.
17  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
18  to any relief of any kind whatsoever in any amount whatsoever for any
19  reason whatsoever.

20      101. DEFENDANTS deny each and every allegation of
21  paragraph 101 of the Complaint.  DEFENDANTS further deny that any of
22  them caused any of the PLAINTIFFS any injury, harm or damage.
23  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
24  to any relief of any kind whatsoever in any amount whatsoever for any
25  reason whatsoever.

26      102. DEFENDANTS deny each and every allegation of
27  paragraph 102 of the Complaint.  DEFENDANTS further deny that any of
28  them caused any of the PLAINTIFFS any injury, harm or damage.

1  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
2  to any relief of any kind whatsoever in any amount whatsoever for any
3  reason whatsoever.

4  <center>**ALLEGED SIXTH CLAIM FOR RELIEF**</center>

5  <center>**(Purported Intentional Interference With Prospective Economic**</center>
6  <center>**Advantage By Plaintiff TIVOLI, LLC Against All Defendants)**</center>

7  103.  In answer to paragraph 103 of the Complaint,
8  DEFENDANTS incorporate herein by this reference each and every prior
9  response herein to paragraphs 1 through 102, inclusive, of the Complaint.

10  104.  DEFENDANTS lack information and  belief sufficient to
11  enable them to answer the allegations of paragraph 104 of the Complaint,
12  and, based upon such lack of information and belief, deny each and every
13  allegation of said paragraph.

14  105.  DEFENDANTS deny each and every allegation of
15  paragraph 105 of the Complaint.

16  106.  DEFENDANTS deny each and every allegation of
17  paragraph 106 of the Complaint.

18  107.  DEFENDANTS deny each and every allegation of
19  paragraph 107 of the Complaint.  DEFENDANTS further deny that any of
20  them caused any of the PLAINTIFFS any injury, harm or damage.
21  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
22  to any relief of any kind whatsoever in any amount whatsoever for any
23  reason whatsoever.

24  108.  DEFENDANTS deny each and every allegation of
25  paragraph 108 of the Complaint.  DEFENDANTS further deny that any of
26  them caused any of the PLAINTIFFS any injury, harm or damage.
27  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
28  to any relief of any kind whatsoever in any amount whatsoever for any

1 | reason whatsoever.

2 | **ALLEGED SEVENTH CLAIM FOR RELIEF**

3 | **(Purported Breach Of Fiduciary Duties By Plaintiff TIVOLI, LLC**

4 | **Against Defendant Marie Birmingham)**

5 | 109. In answer to paragraph 109 of the Complaint,

6 | DEFENDANTS incorporate herein by this reference each and every prior

7 | response herein to paragraphs 1 through 108, inclusive, of the Complaint.

8 | 110. In answer to the allegations of paragraph 110 of the

9 | Complaint, DEFENDANTS admit that the California Corporations Code

10 | and California case law speak for themselves.  Save and excepting said

11 | admission, DEFENDANTS deny each and every allegation of paragraph

12 | 110 of the Complaint.

13 | 111. DEFENDANTS deny each and every allegation of

14 | paragraph 111 of the Complaint.  DEFENDANTS further deny that any of

15 | them caused any of the PLAINTIFFS any injury, harm or damage.

16 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

17 | to any relief of any kind whatsoever in any amount whatsoever for any

18 | reason whatsoever.

19 | 112. In answer to the allegations of paragraph 112 of the

20 | Complaint, DEFENDANTS admit that over the years defendant MARIE

21 | BIRMINGHAM has deleted e-mails from time to time in the regular course

22 | of business and has from time to time forwarded e-mails to a personal e-

23 | mail address. DEFENDANTS further admit that in connection with leaving

24 | employment with defendant TIVOLI, defendant MARIE BIRMINGHAM

25 | openly, without objection and with the assistance of NIGEL COPPINS of

26 | defendant TIVOLI, LLC , removed the SIM cards from her company owned

27 | iPhone and iPad and returned said devices to NIGEL COPPINS.  Save

28 | and excepting said admissions, DEFENDANTS otherwise deny each and

1 | every allegation of said paragraph.

2 |     113. DEFENDANTS deny each and every allegation of

3 | paragraph 113 of the Complaint.  DEFENDANTS further deny that any of

4 | them caused any of the PLAINTIFFS any injury, harm or damage.

5 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

6 | to any relief of any kind whatsoever in any amount whatsoever for any

7 | reason whatsoever.

8 |                **<u>ALLEGED EIGHTH CLAIM FOR RELIEF</u>**

9 | **(Purported Violation Of Alleged Corporate Opportunity Doctrine By**

10 | **Plaintiff TIVOLI, LLC Against Defendant Marie Birmingham)**

11 |     114. In answer to paragraph 114 of the Complaint,

12 | DEFENDANTS incorporate herein by this reference each and every prior

13 | response herein to paragraphs 1 through 113, inclusive, of the Complaint.

14 |     115. DEFENDANTS deny each and every allegation of

15 | paragraph 115 of the Complaint.

16 |     116. DEFENDANTS deny each and every allegation of

17 | paragraph 116 of the Complaint.

18 |     117. DEFENDANTS deny each and every allegation of

19 | paragraph 117 of the Complaint.

20 |     118. DEFENDANTS deny each and every allegation of

21 | paragraph 118 of the Complaint.  DEFENDANTS further deny that any of

22 | them caused any of the PLAINTIFFS any injury, harm or damage.

23 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

24 | to any relief of any kind whatsoever in any amount whatsoever for any

25 | reason whatsoever.

26 | ///

27 | ///

28 | ///

ANSWER TO COMPLAINT

## ALLEGED NINTH CLAIM FOR RELIEF

**(Purported Breach Of Written Contract By Plaintiff TIVOLI, LLC**

**Against Defendant Gregory S. Smith)**

119. In answer to paragraph 119 of the Complaint, DEFENDANTS incorporate herein by this reference each and every prior response herein to paragraphs 1 through 118, inclusive, of the Complaint.

120. DEFENDANTS lack information and belief sufficient to enable them to answer the allegations of paragraph 120 of the Complaint, and, based upon such lack of information and belief, deny each and every allegation of said paragraph.

121. DEFENDANTS deny each and every allegation of paragraph 121 of the Complaint.

122. DEFENDANTS deny each and every allegation of paragraph 122 of the Complaint.

123. DEFENDANTS deny each and every allegation of paragraph 123 of the Complaint.

124. DEFENDANTS deny each and every allegation of paragraph 124 of the Complaint.

125. DEFENDANTS deny each and every allegation of paragraph 125 of the Complaint.

126. DEFENDANTS deny each and every allegation of paragraph 126 of the Complaint.

127. DEFENDANTS deny each and every allegation of paragraph 127 of the Complaint.

128. DEFENDANTS deny each and every allegation of paragraph 128 of the Complaint.

129. DEFENDANTS deny each and every allegation of paragraph 129 of the Complaint.

130. DEFENDANTS deny each and every allegation of paragraph 130 of the Complaint.

131. DEFENDANTS deny each and every allegation of paragraph 131 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

132. DEFENDANTS deny each and every allegation of paragraph 132 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

## ALLEGED TENTH CLAIM FOR RELIEF

**(Purported Breach Of Implied Covenant Of Good Faith And Fair Dealing By Plaintiff TIVOLI, LLC Against Defendant Gregory S. Smith)**

133. In answer to paragraph 133 of the Complaint, DEFENDANTS incorporate herein by this reference each and every prior response herein to paragraphs 1 through 131, inclusive, of the Complaint.

134. In answer to the allegations of paragraph 134 of the Complaint, DEFENDANTS admit that plaintiff GREGORY S, SMITH executed the SMITH AGREEMENTS. Save and excepting said admission, DEFENDANTS deny each and every allegation of said paragraph.

135. DEFENDANTS lack information and belief sufficient to enable them to answer the allegations of paragraph 135 of the Complaint, and, based upon such lack of information and belief, deny each and every

1 | allegation of said paragraph.

2 |       136. DEFENDANTS deny each and every allegation of
3 | paragraph 136 of the Complaint.  DEFENDANTS further deny that any of
4 | them caused any of the PLAINTIFFS any injury, harm or damage.
5 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
6 | to any relief of any kind whatsoever in any amount whatsoever for any
7 | reason whatsoever.

8 |       137. DEFENDANTS deny each and every allegation of
9 | paragraph 137 of the Complaint.  DEFENDANTS further deny that any of
10 | them caused any of the PLAINTIFFS any injury, harm or damage.
11 | DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
12 | to any relief of any kind whatsoever in any amount whatsoever for any
13 | reason whatsoever.

14 | **ALLEGED ELEVENTH CLAIM FOR RELIEF**

15 | **(Purported Breach Of Written Contract By Plaintiffs Neo-Neon LED**

16 | **USA Holdings, LTD. And American Lighting, Inc. Against Defendant**

17 | **Targetti Poulsen USA, Inc.)**

18 |       138. In answer to paragraph 138 of the Complaint,
19 | DEFENDANTS incorporate herein by this reference each and every prior
20 | response herein to paragraphs 1 through 137, inclusive, of the Complaint.

21 |       139. DEFENDANTS lack information and belief sufficient to
22 | enable them to answer the allegations of paragraph 139 of the Complaint,
23 | and, based upon such lack of information and belief, deny each and every
24 | allegation of said paragraph.

25 |       140. DEFENDANTS deny each and every allegation of
26 | paragraph 140 of the Complaint.

27 |       141. DEFENDANTS deny each and every allegation of
28 | paragraph 141 of the Complaint.

1   142. In answer to the allegations of paragraph 142 of the

2   Complaint, DEFENDANTS admit that Exhibit A to the Complaint speaks

3   for itself.  Save and excepting said admission, DEFENDANTS deny each

4   and every allegation of said paragraph.

5   143. DEFENDANTS deny each and every allegation of

6   paragraph 143 of the Complaint.

7   144. DEFENDANTS deny each and every allegation of

8   paragraph 144 of the Complaint.

9   145. DEFENDANTS deny each and every allegation of

10   paragraph 145 of the Complaint.  DEFENDANTS further deny that

11   PLAINTIFFS, or any of them, are entitled to any relief of any kind

12   whatsoever in any amount whatsoever for any reason whatsoever.

13   146. DEFENDANTS deny each and every allegation of

14   paragraph 146 of the Complaint.  DEFENDANTS further deny that any of

15   them caused any of the PLAINTIFFS any injury, harm or damage.

16   DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

17   to any relief of any kind whatsoever in any amount whatsoever for any

18   reason whatsoever.

19   **ALLEGED TWELFTH CLAIM FOR RELIEF**

20   **(Purported Breach Of Implied Covenant Of Good Faith And Fair**

21   **Dealing By Plaintiffs Neo-Neon LED USA Holdings, LTD. And**

22   **American Lighting, Inc. Against Defendant Targetti Poulsen USA,**

23   **Inc.)**

24   147. In answer to paragraph 147 of the Complaint,

25   DEFENDANTS incorporate herein by this reference each and every prior

26   response herein to paragraphs 1 through 146, inclusive, of the Complaint.

27   148. In answer to the allegations of paragraph 148 of the

28   Complaint, DEFENDANTS admit the existence of the agreement included

1  as Exhibit A to the Complaint.   Save and exception said admission,
2  DEFENDANTS deny each and every allegation of said paragraph.

3      149.  DEFENDANTS lack information and belief sufficient to
4  enable them to answer the allegations of paragraph 149 of the Complaint,
5  and, based upon such lack of information and belief, deny each and every
6  allegation of said paragraph.

7      150.  DEFENDANTS deny each and every allegation of
8  paragraph 150 of the Complaint.  DEFENDANTS further deny that any of
9  them caused any of the PLAINTIFFS any injury, harm or damage.
10  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
11  to any relief of any kind whatsoever in any amount whatsoever for any
12  reason whatsoever.

13      151.  DEFENDANTS deny each and every allegation of
14  paragraph 151 of the Complaint.  DEFENDANTS further deny that any of
15  them caused any of the PLAINTIFFS any injury, harm or damage.
16  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
17  to any relief of any kind whatsoever in any amount whatsoever for any
18  reason whatsoever.

19              **ALLEGED THIRTEENTH CLAIM FOR RELIEF**

20         **(Purported Conversion By Plaintiff Tivoli, LLC Against All**

21                          **Defendants)**

22      152.  In answer to paragraph 152 of the Complaint,
23  DEFENDANTS incorporate herein by this reference each and every prior
24  response herein to paragraphs 1 through 151, inclusive, of the Complaint.

25      153.  DEFENDANTS deny each and every allegation of
26  paragraph 153 of the Complaint.

27      154.  DEFENDANTS deny each and every allegation of
28  paragraph 154 of the Complaint.

1    155. DEFENDANTS deny each and every allegation of
2  paragraph 155 of the Complaint. DEFENDANTS further deny that any of
3  them caused any of the PLAINTIFFS any injury, harm or damage.
4  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
5  to any relief of any kind whatsoever in any amount whatsoever for any
6  reason whatsoever.

7    156. DEFENDANTS deny each and every allegation of
8  paragraph 156 of the Complaint. DEFENDANTS further deny that any of
9  them caused any of the PLAINTIFFS any injury, harm or damage.
10  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
11  to any relief of any kind whatsoever in any amount whatsoever for any
12  reason whatsoever.

13              **ALLEGED FOURTEENTH CLAIM FOR RELIEF**
14      **(Purported Conversion By Plaintiff Tivoli, LLC Against Defendant**
15                      **Marie Birmingham)**

16    157. In answer to paragraph 157 of the Complaint,
17  DEFENDANTS incorporate herein by this reference each and every prior
18  response herein to paragraphs 1 through 156, inclusive, of the Complaint.

19    158. DEFENDANTS deny each and every allegation of
20  paragraph 158 of the Complaint.

21    159. DEFENDANTS deny each and every allegation of
22  paragraph 159 of the Complaint.

23    160. DEFENDANTS deny each and every allegation of
24  paragraph 160 of the Complaint. DEFENDANTS further deny that any of
25  them caused any of the PLAINTIFFS any injury, harm or damage.
26  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled
27  to any relief of any kind whatsoever in any amount whatsoever for any
28  reason whatsoever.

161. DEFENDANTS deny each and every allegation of paragraph 161 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

## ALLEGED FIFTEENTH CLAIM FOR RELIEF

### (Purported Conversion By Plaintiff Tivoli, LLC Against Defendant Gregory S. Smith)

162. In answer to paragraph 162 of the Complaint, DEFENDANTS incorporate herein by this reference each and every prior response herein to paragraphs 1 through 161, inclusive, of the Complaint.

163. DEFENDANTS deny each and every allegation of paragraph 163 of the Complaint.

164. DEFENDANTS deny each and every allegation of paragraph 164 of the Complaint.

165. DEFENDANTS deny each and every allegation of paragraph 165 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

166. DEFENDANTS deny each and every allegation of paragraph 166 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

1        167. DEFENDANTS deny each and every allegation of

2   paragraph 167 of the Complaint.  DEFENDANTS further deny that any of

3   them caused any of the PLAINTIFFS any injury, harm or damage.

4   DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

5   to any relief of any kind whatsoever in any amount whatsoever for any

6   reason whatsoever.

7        **<u>ALLEGED SIXTEENTH CLAIM FOR RELIEF</u>**

8   **(Purported Civil Conspiracy By Plaintiff Tivoli, LLC Against All**

9   **Defendants)**

10       168. In answer to paragraph 168 of the Complaint,

11  DEFENDANTS incorporate herein by this reference each and every prior

12  response herein to paragraphs 1 through 167, inclusive, of the Complaint.

13       169. DEFENDANTS deny each and every allegation of

14  paragraph 169 of the Complaint.

15       170. DEFENDANTS deny each and every allegation of

16  paragraph 170 of the Complaint.

17       171. DEFENDANTS deny each and every allegation of

18  paragraph 171 of the Complaint.

19       172. DEFENDANTS deny each and every allegation of

20  paragraph 172 of the Complaint.  DEFENDANTS further deny that any of

21  them caused any of the PLAINTIFFS any injury, harm or damage.

22  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

23  to any relief of any kind whatsoever in any amount whatsoever for any

24  reason whatsoever.

25       173. DEFENDANTS deny each and every allegation of

26  paragraph 173 of the Complaint.  DEFENDANTS further deny that any of

27  them caused any of the PLAINTIFFS any injury, harm or damage.

28  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

1  to any relief of any kind whatsoever in any amount whatsoever for any

2  reason whatsoever.

3         174. DEFENDANTS deny each and every allegation of

4  paragraph 174 of the Complaint.  DEFENDANTS further deny that any of

5  them caused any of the PLAINTIFFS any injury, harm or damage.

6  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

7  to any relief of any kind whatsoever in any amount whatsoever for any

8  reason whatsoever.

9              **ALLEGED SEVENTEENTH CLAIM FOR RELIEF**

10       **(Purported Unjust Enrichment By All Plaintiffs Against All**

11                              **Defendants)**

12        175. In answer to paragraph 175 of the Complaint,

13  DEFENDANTS incorporate herein by this reference each and every prior

14  response herein to paragraphs 1 through 174, inclusive, of the Complaint.

15        176. DEFENDANTS deny each and every allegation of

16  paragraph 176 of the Complaint..  DEFENDANTS further deny that any of

17  them caused any of the PLAINTIFFS any injury, harm or damage.

18  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

19  to any relief of any kind whatsoever in any amount whatsoever for any

20  reason whatsoever.

21        177. DEFENDANTS deny each and every allegation of

22  paragraph 177 of the Complaint.  DEFENDANTS further deny that any of

23  them caused any of the PLAINTIFFS any injury, harm or damage.

24  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

25  to any relief of any kind whatsoever in any amount whatsoever for any

26  reason whatsoever.

27        178. DEFENDANTS deny each and every allegation of

28  paragraph 178 of the Complaint.  DEFENDANTS further deny that any of

1  them caused any of the PLAINTIFFS any injury, harm or damage.

2  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

3  to any relief of any kind whatsoever in any amount whatsoever for any

4  reason whatsoever.

5  <div align="center">**ALLEGED EIGHTEENTH CLAIM FOR RELIEF**</div>

6  <div align="center">**(Purported Violation of Business & Professions Code, § 17500 Et**</div>

7  <div align="center">**Seq. By Plaintiff Tivoli, LLC Against All Defendants)**</div>

8  179. In answer to paragraph 179 of the Complaint,

9  DEFENDANTS incorporate herein by this reference each and every prior

10  response herein to paragraphs 1 through 178, inclusive, of the Complaint.

11  180. DEFENDANTS deny each and every allegation of

12  paragraph 180 of the Complaint.

13  181. DEFENDANTS deny each and every allegation of

14  paragraph 181 of the Complaint.

15  182. DEFENDANTS deny each and every allegation of

16  paragraph 182 of the Complaint.  DEFENDANTS further deny that any of

17  them caused any of the PLAINTIFFS any injury, harm or damage.

18  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

19  to any relief of any kind whatsoever in any amount whatsoever for any

20  reason whatsoever.

21  183. DEFENDANTS deny each and every allegation of

22  paragraph 183 of the Complaint.  DEFENDANTS further deny that any of

23  them caused any of the PLAINTIFFS any injury, harm or damage.

24  DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled

25  to any relief of any kind whatsoever in any amount whatsoever for any

26  reason whatsoever.

27  ///

28  ///

## ALLEGED NINETEENTH CLAIM FOR RELIEF

## (Purported Violation of Business & Professions Code, § 17200 Et

## Seq. By All Plaintiffs Against All Defendants)

184. In answer to paragraph 184 of the Complaint, DEFENDANTS incorporate herein by this reference each and every prior response herein to paragraphs 1 through 183, inclusive, of the Complaint.

185. DEFENDANTS deny each and every allegation of paragraph 185 of the Complaint.

186. DEFENDANTS deny each and every allegation of paragraph 186 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

187. DEFENDANTS deny each and every allegation of paragraph 187 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

188. DEFENDANTS deny each and every allegation of paragraph 188 of the Complaint. DEFENDANTS further deny that any of them caused any of the PLAINTIFFS any injury, harm or damage. DEFENDANTS further deny that PLAINTIFFS, or any of them, are entitled to any relief of any kind whatsoever in any amount whatsoever for any reason whatsoever.

189. To the extent DEFENDANTS have not otherwise expressly admitted or denied any allegation of the Complaint,

1    DEFENDANTS deny each and every such allegation.   DEFENDANTS

2    further deny that any of them caused any of the PLAINTIFFS any injury,

3    harm or damage.  DEFENDANTS further deny that PLAINTIFFS, or any of

4    them, are entitled to any relief of any kind whatsoever in any amount

5    whatsoever for any reason whatsoever.

6                            **AFFIRMATIVE DEFENSES**

7                         **FIRST AFFIRMATIVE DEFENSE**

8    **(The Complaint And Each Purported Claim For Relief Fail To State A**

9                               **Claim For Relief)**

10            190.  The  Complaint  and  each  alleged  claim  for  relief

11   contained therein fail to state facts sufficient to constitute any claim for

12   relief.

13                       **SECOND AFFIRMATIVE DEFENSE**

14                        **(Lack Of Personal Jurisdiction)**

15            191.  The  court  does  not  have  personal  jurisdiction  over

16   defendants  TARGETTI  SANKEY,  S.P.A,  and  Italian  business  entity,

17   DURALAMP S.P.A., an Italian business entity, or HANGZHOU TARGETTI

18   LIGHTING CO., LTD, a Chinese business entity.

19                         **THIRD AFFIRMATIVE DEFENSE**

20                              **(Improper Venue)**

21            192.  Venue  is  not  proper  before  the  United  States  District

22   Court, Central District of California.

23                        **FOURTH AFFIRMATIVE DEFENSE**

24                       **(Lack Of Subject Matter Jurisdiction)**

25            193.  The  court  lacks  subject  matter  jurisdiction  over

26   PLAINTIFFS' alleged state law claims.

27   ///

28   ///

1

### FIFTH AFFRIMATIVE DEFENSE

2

### (Improper Joinder)

3   194. The Complaint improperly joins DEFENDANTS and

4 claims for relief that are unrelated and that do not arise out of the same

5 transaction, occurrence, or series of transactions or occurrences; and

6 there is not a common question of law or fact linking PLAINTIFFs' alleged

7 claims.

8

### SIXTH AFFRIMATIVE DEFENSE

9

### (Lack Of Standing)

10   195. The Complaint and each alleged claim for relief

11 contained therein are barred by PLAINTIFFS' lack of standing.

12

### SEVENTH AFFIRMATIVE DEFENSE

13

### (Releases And Covenant Not To Sue)

14   196. Pursuant to Sections 7.6 and 7.7 of Exhibit "A"

15 ("PURCHASE AGREEMENT") to the Complaint, PLAINTIFFS (a) released

16 DEFENDANTS from the claims asserted herein based upon any conduct

17 occurring on or before May 15, 2014, and (b) further covenanted not to

18 sue DEFENDANTS for any conduct occurring on or before May 15, 2014.

19

### EIGHTH AFFIRMATIVE DEFENSE

20

### (Breach Of Contract)

21   197. Pursuant to Sections 7.6 and 7.7 of the PURCHASE

22 AGREEMENT, PLAINTIFFS (a) released DEFENDANTS from the claims

23 asserted herein based upon any conduct occurring on or before May 15,

24 2014, and (b) further covenanted not to sue DEFENDANTS for any

25 conduct occurring on or before May 15, 2014.  In bringing this action

26 against DEFENDANTS, PLAINTIFFS breached said sections of the

27 PURCHASE AGREEMENT.

28 ///

## NINTH AFFIRMATIVE DEFENSE

### (Trade Secrets Reasonably Ascertainable And/Or Subject To Reverse Engineering)

198.  The purported trade secrets which PLAINTIFFS assert in this action were, and are, reasonably ascertainable and/or subject to reverse engineering.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

199. The Complaint and each alleged claim for relief contained therein are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

200. The Complaint and each alleged claim for relief contained therein are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

201. The Complaint and each alleged claim for relief contained therein are barred by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

202. The Complaint and each alleged claim for relief contained therein are barred by PLAINTIFFS' unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Copyrighted Materials – Fair Use)

203. DEFENDANTS deny any infringement of any materials protected by a valid copyright owned by any of the PLAINTIFFS. Assuming for the sake of argument any of the DEFENDANTS used any materials protected by a valid copyright, such alleged use was fair use.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Copyrighted Materials – Valid License)

204.   DEFENDANTS deny any infringement of any materials protected by valid copyright owned by any of the PLAINTIFFS.  Assuming for the sake of argument any of the DEFENDANTS used any materials protected by valid copyright, such alleged use was permitted under a valid license.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Copyrighted Materials – Copyright Misuse)

205.   DEFENDANTS deny any infringement of any materials protected by valid copyright owned by any of the PLAINTIFFS. PLAINTIFFS' alleged certificates of registration incorporate materials which are not owned by any of the PLAINTIFFS or are not the proper subject matter of copyright protection.  As a result, in asserting purported protection for such materials, PLAINTIFFS seek an undue commercial advantage and otherwise engage in anticompetitive conduct.  Such an effort constitutes misuse of the law governing copyrights and a violation of public policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Copyrighted Materials – Fraud On The Copyright Office)

206.   DEFENDANTS deny any infringement of any materials protected by valid copyright owned by any of the PLAINTIFFS.  Assuming for the sake of argument any of the DEFENDANTS used any materials subject to alleged copyright certificates of registration, DEFENDANTS are informed and believe, and thereon allege, that claimed dates of publication, ownership and authorship contained in the Certificates of Registration are not accurate and are intentional and material, thereby constituting fraud on the Copyright Office.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Trademarked Materials – Fair Use)

207. DEFENDANTS deny any infringement of any valid trademark owned by any of the PLAINTIFFS.  Assuming for the sake of argument that any of the DEFENDANTS used any valid trademark owned by any of the PLAINTIFFS, such alleged use was fair use.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Trademarked Materials – Valid License)

208. DEFENDANTS deny any infringement of any valid trademark owned by PLAINTIFFS.  Assuming for the sake of argument that any of the DEFENDANTS used any valid trademark owned by PLAINTIFFS, such alleged use was permitted under a valid license.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Trademarked Materials – Acquiescence)

209. DEFENDANTS deny any infringement of any valid trademark owned by PLAINTIFFS.  Assuming for the sake of argument that any of the DEFENDANTS used any valid trademark owned by PLAINTIFFS, such alleged use was permitted by assurances or acquiescence by PLAINTIFFS.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Trademarked Materials – First Sale Doctrine)

210. DEFENDANTS deny any infringement of any valid trademark owned by PLAINTIFFS.  Assuming for the sake of argument any of the DEFENDANTS used any valid trademark owned by PLAINTIFFS, such alleged use was permitted by the First Sale Doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Privilege)

211. Any conduct of DEFENDANTS as to which PLAINTIFFS

1  seek to impose liability was, and is, privileged business conduct and fair
2  competition.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Justification)

212. Any conduct of DEFENDANTS as to which PLAINTIFFS
seek to impose liability was, and is, justified.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

213. DEFENDANTS do not admit that any plaintiff incurred
any damages, loss, injury or detriment, and, in fact, deny the existence of
any such damages, loss, injury or detriment in any sum or sums
whatsoever.   However, assuming for the sake of argument that any
plaintiff would otherwise be entitled to any relief, the Complaint and each
alleged claim for relief contained therein are barred by reason of such
plaintiff's failure to reasonably mitigate any claimed damages, loss, injury,
detriment or other basis for purported relief.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Apportionment)

214. DEFENDANTS do not admit that any plaintiff incurred
any damages, loss, injury or detriment, and, in fact, deny the existence of
any such damages, loss, injury or detriment in any sum or sums
whatsoever.   However, assuming for the sake of argument that any
damages, loss, injury, or detriment occurred to any plaintiff, the damages,
loss, injury, or detriment was proximately caused and contributed to by
persons other than DEFENDANTS.   The liability of all such persons,
named or unnamed, should be apportioned according to their relative
degrees of fault, and the liability of DEFENDANTS reduced accordingly.
///

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Intervening And Superseding Cause)

3      215.  DEFENDANTS do not admit that any plaintiff incurred

4   any damages, loss, injury or detriment, and, in fact, deny the existence of

5   any such damages, loss, injury or detriment in any sum or sums

6   whatsoever.   However, assuming for the sake of argument that any

7   damages, loss, injury, or detriment occurred to any plaintiff, such damage.

8   loss, injury, or detriment was caused and contributed to by persons other

9   than DEFENDANTS.   Such other causation was an intervening and

10   superseding cause of the purported loss, injury, damage or detriment.

11

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12

### (Comparative Fault)

13      216.  DEFENDANTS do not admit that any plaintiff incurred

14   any damages, loss, injury or detriment.   In fact, DEFENDANTS deny the

15   existence of any such damages, loss, injury or detriment in any sum or

16   sums whatsoever.  However, assuming for the sake of argument that any

17   plaintiff incurred any damages, loss, injury or detriment, such damage,

18   loss, injury or detriment was proximately caused and contributed to by

19   PLAINTIFFS' own conduct or the conduct of their own agents.   The

20   proportionate degree of negligence or fault of each plaintiff and its agents

21   thus must be determined and apportioned so that any judgment entered

22   against DEFENDANTS will be reduced

23

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24

### (Statutes Of Limitation)

25      217.  The Complaint and each alleged claim for relief

26   contained therein are barred by the statutes of limitations contained in

27   sections 337, 338, 339, 340 and 343 of the California Code of Civil

28   Procedure, section 3426.6 of the California Civil Code, section 17208 of

1 the California Business and Professions Code, and 17 U.S.C § 507(b).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Damages Under California Business And Professions Code)

218.    PLAINTIFFS improperly seek the recovery of damages for purported violations of section 17200 et seq. and 17500 et seq. of the California Business and Professions Code.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Deny Equal Protection of the Laws And Due Process Of Law)

219.    PLAINTIFFS' claims for punitive damages are barred. The application of California law allowing the award of punitive damages and the substantive rules and procedures for determining whether or not to award them and further, if awarded, in what amount, violate article 1, section 7 (due process and equal protection) and article 4, section 16 (equal protection) of the Constitution of the State of California and the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Are Invalid Ex Post Facto Law)

220.    PLAINTIFFS' claims for punitive damages are barred. The application of California law allowing the award of punitive damages and the substantive rules and procedures for determining whether or not to award them and further, if awarded, in what amount, constitute ex post facto laws in violation of article 1, section 9 of the Constitution of the State of California and article I, section 10 of the Constitution of the United States of America.

///
///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Privileges And

### Immunities Clause)

221. PLAINTIFFS' claims for punitive damages are barred. The provisions of California law limiting the amount of punitive damages which may be awarded in specific types of cases while allowing unlimited punitive damages for other tortious cases, including intentional torts, constitute impermissible discrimination against those subject to unlimited punitive damages awards, and a grant of privileges and immunities for those defendants not subject to unlimited punitive damages awards, in violation of article 1, section 7 and article 4, section 16 of the Constitution of the State of California and article IV, section 2 and the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Criminal Protections)

222. PLAINTIFFS' claims for punitive damages are barred. The procedures for and the imposition of punitive damages are essentially penal in nature.  Such procedures and imposition are unlawful insofar as they deprive defendants of rights given to defendants in criminal proceedings under article 1, sections 15 and 17 and article 4, section 16(a) of the Constitution of the State of California and article IV, section 2 and the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States of America.

## PRAYER

WHEREFORE, DEFENDANTS pray as follows:

1.    That PLAINTIFFS take nothing by their Complaint;

2.    That judgment be entered dismissing PLAINTIFFS'

1 | Complaint;

2 |      3.    That DEFENDANTS be awarded their costs incurred in

3 | the defense of this suit, including reasonable attorney's fees; and

4 |      4.    For such other and further relief as this court may deem

5 | reasonable and proper.

6 | Dated:  September 29, 2014       NOSSAMAN LLP
STEPHEN P. WIMAN

7 | THOMAS J. DOVER
ERIC BRIN

8 |

9 | By: _____
        STEPHEN P. WIMAN

10 |

11 | Attorneys for Defendants TARGETTI
SANKEY, S.p.A, TARGETTI POULSEN

12 | USA, INC., DURALAMP, S.p.A,
HANGZHOUTARGETTI LIGHTING

13 | CO., LTD, MARIE BIRMINGHAM and
GREGORY S. SMITH

14 |

15 | **DEMAND FOR JURY TRIAL**

16 |      Defendants  DURALAMP, S.p.A, MARIE  BIRMINGHAM  and

17 | GREGORY S. SMITH hereby demand trial by jury.

18 | Dated:  September 29, 2014       NOSSAMAN LLP
STEPHEN P. WIMAN

19 | THOMAS J. DOVER
ERIC BRIN

20 |

21 | By: _____
        STEPHEN P. WIMAN

22 |

23 | Attorneys for Defendants TARGETTI
SANKEY, S.p.A, TARGETTI POULSEN

24 | USA, INC., DURALAMP, S.p.A,
HANGZHOUTARGETTI LIGHTING

25 | CO., LTD, MARIE BIRMINGHAM and
GREGORY S. SMITH

26 |

27 |

28 |

ANSWER TO COMPLAINT