**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| TIVOLI, LLC, a California limited liability company; NEO-NEON LED USA HOLDINGS, LTD., a British Virgin Islands Limited Company, and AMERICAN LIGHTING, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TARGETTI SANKEY, S.p.A., an Italian business entity; TARGETTI POULSEN USA, INC., a Florida corporation; DURALAMP, S.p.A., an Italian business entity; HANGZHOU TARGETTI LIGHTING CO., LTD., a Chinese business entity; MARIE BIRMINGHAM a/k/a MARIE PARIS, an individual; GREGORY S. SMITH, an individual; and DOES 1 through 20,<br><br>Defendants.<br><br>And All Counterclaims. | Case No.  SA CV14-01285-DOC (JCGx)<br><br>Assigned to:<br>Honorable Judge David O. Carter<br><br>**ORDER ON STIPULATION FOR CONFIDENTIALITY ORDER**<br><br>**No hearing required** |

MYERS BERSTEIN LLP
2 EXECUTIVE CIRCLE, SUITE 205
IRVINE, CALIFORNIA 92614

The Court having read the Stipulation for Confidentiality Order of the parties, and good cause appearing therefor,

IT IS ORDER AS FOLLOWS:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may likely involve production of confidential, proprietary, or information considered by the producing party as a trade secret for which special protection from public disclosure and from use for any purpose other than prosecuting this or related litigation would be warranted. Accordingly, the Court enters the following Stipulated Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. As set forth in Section 10, below, this Stipulated Protective Order creates no entitlement to file confidential information under seal; the Central District of California Local Rule 79-5.1 and the Court's own standing order entitled Procedures For Requesting Under Seal Filings, Revised July 8, 2013, set forth the procedures that must be followed for filing material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.4 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.5. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY.

2.86 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY.

2.7. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.8. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE.</u> The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION.</u>  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect indefinitely until a Designating Party specifically agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

1 Order or as otherwise stipulated or ordered, material that qualifies for protection under
2 this Order must be clearly so designated before the material is disclosed or produced.
3 Material (regardless of how generated, stored or maintained) or tangible things that
4 contain non-public financial, personal or business information may be designated
5 "Confidential."  Material (regardless of how generated, stored or maintained) or
6 tangible things that contain confidential information that the producing party believes
7 cannot be disclosed without threat of competitive injury because such material contains
8 proprietary or commercially sensitive information may be designated "Confidential-
9 Attorney's Eyes Only".  Designation in conformity with this Order requires:

10     (a)  for a Designating Party, placing the plainly visible legend
11 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each
12 page of the materials or physically on the outside of any media containing or storing
13 electronic documents, data, or material, prior to production; however, stamping the
14 legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on
15 the cover of any multi-page document shall designate all pages of the document as
16 confidential, unless otherwise indicated by the Designating Party;

17     (b)  for a Receiving Party, within twenty-one (21) days after receipt of
18 materials not previously designated as "CONFIDENTIAL" or "CONFIDENTIAL-
19 ATTORNEY'S EYES ONLY" by a Producing Party, by placing the plainly visible
20 legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on
21 each page of the materials or physically on the outside of any media containing or
22 storing electronic documents, data, or material, prior to production and notifying all
23 parties of such designation; however, stamping the legend "CONFIDENTIAL" or
24 "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on the cover of any multi-page
25 document shall designate all pages of the document as confidential, unless otherwise
26 indicated by the Designating Party;

27     (c)  for testimony given in deposition or in other pretrial or trial
28 proceedings, a Designating Party may designate as confidential in writing and/or by

MYERS BERSTEIN LLP
2 EXECUTIVE CIRCLE, SUITE 205
IRVINE, CALIFORNIA 92614

making a statement to that effect on the record at the deposition or other proceeding. Arrangements may be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. If such a designation is made after the transcripts are prepared, each Party maintaining custody of such transcripts shall protect their confidentiality notwithstanding that they may not have been marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." The designation of testimony as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" at a court hearing or trial shall be subject to the prior approval of the Court. Depositions involving Protected Material which is subject to this stipulation and order shall be taken only in the presence of Qualified Persons defined in Sections 7.2 and 7.3 below.

   5.2 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY does not, standing alone, waive any Party's right to secure protection under this Order for such material. If material is appropriately designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY after the material was initially produced, all Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Failure to take prompt or appropriate action to rectify any inadvertent production within a reasonable time after materials are produced without designation may, in appropriate circumstances, result in a loss of confidentiality or secrecy.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 This order is be without prejudice to the right of any Party to this action (i) to bring before the Court at any time by application or motion a challenged to the propriety of designating any matter as confidential and subject to this stipulation and order or (ii) to present a motion to the Court for a separate protective order as to any

particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future such application or motion or for an application or motion to modify this stipulation and order.

    6.2    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>.

    (a)    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this or related litigation. Such Protected Material may be disclosed only to the categories of Qualified Persons and under the conditions described in this Order. Protected Material shall not lose its confidential status through use in this action. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

    (b)    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

    7.2    <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the

following Qualified Persons:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, the officers, directors, managers, members and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staffs;

(f) a mediator or settlement officer;

(g) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A); and

(h) the author or recipient of the document, the original source of the information, or a person who reviewed the document prior to the commencement of the litigation, who has signed the Agreement To Be Bound by Protective Order (Exhibit A).

7.3 <u>Disclosure of CONFIDENTIAL-ATTORNEY'S EYES ONLY Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, "CONFIDENTIAL-ATTORNEY'S EYES ONLY may be disclosed" only to the following Qualified Persons:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A);

    (c)    the Court and its personnel;

    (d)    a mediator or settlement officer;

    (e)    court reporters and their staffs;

    (f)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order (Exhibit A); and

    (g)    the author or recipient of the document, the original source of the information, or a person who reviewed the document prior to the commencement of the litigation, who has signed the Agreement To Be Bound by Protective Order (Exhibit A). Such Protected Material shall not be disclosed to a Party to this action or a Party's officers, directors, managers, members and employees.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. Nothing herein shall impose any restrictions (a) on the use or disclosure by a party to this lawsuit of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or (b) on a Party disclosing its own Protected Material.

10. <u>FILING PROTECTED MATERIAL</u>. In the event that any Protected Material is used in any Court proceeding in this action, settlement conference or mediation, it shall

not lose its confidential status through such use, and the Party using such material shall take all reasonable steps to maintain its confidentiality during such use.  With respect to use of Protected material in any Court proceeding, the Party wishing to use the Protected Material shall comply with Central District of California Local Rule 79-5.1 and the Court's standing order entitled Procedures For Requesting Under Seal Filings, Revised July 8, 2013,  Should the Court deny any application or motion to file Protected Material under seal with the Court, the Party desiring to use the Protected Material shall nonetheless be entitled to use and file such material with the Court regardless of this stipulation and order.

11. <u>FINAL DISPOSITION</u>.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, other than that which is contained in pleadings, correspondence between the parties, and deposition transcripts, shall either (a) return such documents to counsel for the Party or non-party who provided such information, or (b) destroy such documents.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) above.

12. <u>THIRD PARTY DOCUMENTS PRODUCED PURSUANT TO SUBPOENA</u>.  For documents produced pursuant to subpoena or subpoena duces tecum or in other proceedings outside of open court or trial, that any Party or non-party believes should be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY", that Designating Party shall have a right up to twenty-one (21) days to

designate the document to which protection is sought. The 21-day period shall run from the date the documents are produced by the third party. Only those documents that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Stipulated Protective Order. The Designating Party shall be required to provide notice detailing those documents that are being designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

13. <u>DESIGNATIONS FOR PRE-TRIAL ONLY</u>

The designations made under this confidentiality order and the legends used to make those designations are for pretrial purposes only. The failure to challenge a designation or the submission of a designated document to the Court shall not be held to be an admission or to create a presumption that a designated document or thing is or was confidential and such failure shall not be admissible in Court for any reason. Further, at any jury trial in the action, prior to introducing the document as an exhibit or showing it to the jury, all confidentiality designations made pursuant to this confidentiality order shall be removed from the document to the extent reasonable and practicable.

14. <u>MISCELLANEOUS</u>

14.1 <u>Right to Further Relief</u>. All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may be modified or terminated by written stipulation of all parties or by order of Court. Parties to this Action who are not listed herein or who become parties to this Action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel for the additional party.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>No Admission or Waiver</u>. This stipulation and order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this stipulation and order, nor the production of any information or document under the terms of this stipulation and order, nor any proceedings pursuant to this stipulation and order, shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

14.4 <u>Jurisdiction</u>. The Court shall retain jurisdiction over all persons subject to this stipulation and order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: April 27, 2015      _____
                            Honorable Jay C. Gandhi
                            District Court Judge

# **EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the District Court for the Central District of California in the case of *Tivoli, Inc. v. Targetti Sankey, S.p.A., et al.*, Case No. 14-cv-01285-DOC(JCGx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order**.**

I agree that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

Printed Name: _____

Signature: _____

## DECLARATION OF ELECTRONIC SERVICE

**Central District of California Case No. 14-01285 DOC (JCGx)**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 17, 2015, at Irvine, California.

By: /s/ David A. Berstein
David A. Berstein